IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION



| | |
|---|---|
| CLYDE AMMONS, | ) |
| Plaintiff, | ) 01C 4073 |
| v. | ) Case No. JUDGE JOHN W DARRAH |
| ARAMARK UNIFORM SERVICES, INC. | ) |
| Defendants. | ) MAGISTRATE JUDGE BOBRICK |

## COMPLAINT

NOW COMES the Plaintiff, CLYDE AMMONS, by and through his attorneys, THOMAS W. DUDA and the LAW OFFICES OF THOMAS W. DUDA, and brings this action against the Aramark Uniform Services, Inc., alleging employment discrimination and for his claims alleges as follows:

### Jurisdiction.

1.  This is a federal employment law suit authorized and instituted pursuant to the Americans with Disability Act ("ADA") 42 U.S.C. 12,112 *et. seq.*. Jurisdiction of this Court is based upon a federal question, 42 U.S.C. § 12,117 and 28 U.S.C. § 1331. The jurisdiction of this Court is invoked to secure protection of and to address deprivation of rights secured by 42 U.S.C. 12,112 *et. seq.* providing for declaratory, injunctive, damage and other relief.

2. Venue in this district is proper under 28 U.S.C. § 1391(B). The Defendants reside or resided in the district and the events giving rise to Plaintiff's claims occurred in Cook County, Illinois.

3. All conditions precedent to jurisdiction have occurred or been complied with, to wit:

(a) A charge of Employment Discrimination was timely filed with both the Equal Employment Opportunity Commission ("EEOC"), and the Illinois Department of Human Rights ("IDHR") by the Plaintiff CLYDE AMMONS on April 21, 1999, a copy of which is attached hereto and marked as Exhibit "1" and incorporated by reference herein.

(b) The Equal Employment Opportunity Commission has issued a Notice of Right to Sue which was not received until March 5, 2001.

(c) Plaintiff filed this Complaint within ninety (90) days of receiving the "Right to Sue" letter from the EEOC a copy of which is attached hereto and marked as Exhibit "2" and incorporated by reference herein

**Parties.**

4. CLYDE AMMONS is a citizen of the United States and the State of Illinois and resides in Chicago, Illinois.

5. CLYDE AMMONS was hired by the Defendant in 1960, and Plaintiff has been the employee for the Defendant for over thirty-eight (38) years.

6. Aramark Uniform Services, Inc. is a Delaware corporation legally operating in the State of Illinois, County of Cook.

7. Aramark Uniform Services, Inc. is an employer under the ADA, 42 U.S.C. § 12111(5).

2

## COUNT I. -- <u>Allegation Of Discrimination Based Upon ADA</u>

8.    Aramark Uniform Service, Inc. employed more than twenty-five (25) employees for each working day in more than twenty (20) weeks during the year proceeding the acts of discrimination which are the subject of this Complaint.

9.    CLYDE AMMONS ("Plaintiff" or "Ammons") at all times relevant to this Complaint has competently and conscientiously performed all of his duties and responsibilities as a maintenance engineer for the Defendant. At all times he has been able to perform the essential functions of his job. On August 15, 1997, Plaintiff suffered an injury to his right knee. He sustained a medial meniscus tear and chondromalacia of the patella and a joint effusion. Because surgery was performed upon the Plaintiff for this condition, eventually one (1) or more of Plaintiff's major life functions were affected. Beginning on that date and continuing through present the Plaintiff developed a record of being a disabled person and was perceived by the Defendant as being a disabled person.

10.    Defendants knew that AMMONS suffered said accident which substantially limited his major life activities and perceived him to be a disabled person.

11.    AMMONS was able to perform the essential functions of his position with a reasonable accommodation and/or the Defendant had work which the Plaintiff could perform readily available.

12.    Plaintiff periodically returned to work with work restrictions, when authorized by his treating physician.

13.    Defendant refused to make any reasonable accommodation for the Plaintiff's known disability because it intentionally decided to disregard its obligations under the ADA even

3

though reasonable accommodations were available.

14. When the Defendant unilaterally decided that it could no longer offer Plaintiff light duty type work, Defendants refused an interactive conference to attempt to reach a reasonable accommodation on the Plaintiff's physical disabilities.

15. In deciding to alter AMMONS' employment status and eventually terminate him, Defendants discriminated against AMMONS because of his disability in violation of the ADA, 42 U.S.C. § 12112(A).

16. In deciding to terminate AMMONS, Defendants maliciously and/or recklessly violated the Plaintiff's federally protected rights as a qualified individual with a disability under the ADA.

17. Defendants further discriminated against AMMONS and violated the ADA when it failed to hire and/or rehire AMMONS to a position with the Defendant that Plaintiff was qualified to perform.

18. Plaintiff adopts, realleges and incorporates by reference as his allegations in this paragraph of his Complaint all of the allegations contained in Exhibit "1" and the attachment thereto.

19. As a result of the Defendant's discrimination on the basis of Plaintiff's disability Plaintiff suffered and continues to suffer economic losses, mental anguish, pain and suffering and other non-pecuniary losses.

### Jury Demand

20. Plaintiff specifically prays that his case be heard before a fair and impartial jury of his peers selected in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, Plaintiff HAAS respectfully requests that this Honorable Court:

(a) Enter a declaratory judgment that the practices complained of herein are unlawful and violate of the Age Discrimination in Employment Act and Americans with Disabilities Act;

(b) Permanently enjoin Defendants, their agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs and usage's set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

(c) Immediately assign Plaintiff to the position he would now be occupying but for the discriminatory practices of Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff which he would now be enjoying or award front pay to adequately compensate Plaintiff;

(d) Compensate and make Plaintiff whole for all earnings, wages, including pre-judgment interest and other benefits he would have received but for the discriminatory practices of Defendants;

(e) Award Plaintiff the costs and disbursements of this action, including reasonable attorney fees;

(f) Award Plaintiff punitive damages for Defendants willful conduct; and

(g) Grant such other relief as may be just and proper.

## COUNT II. --Intentional Infliction Of Emotional Distress.

21-23. Plaintiff AMMONS does hereby repeat, re-allege and incorporate by reference as paragraphs twenty-one through twenty (21-20) of this Count I.

22. As a result of the unrestrained behavior of the employees and agents of the Defendant, Plaintiff HAAS was subjected to intentional infliction of emotional distress by the Defendant.

23. Defendant knew or should have known that it had the legal obligation under the Illinois Human Rights Act as defined by the Illinois Appellate Court in the Decision of *Illinois*

5

*Department of Corrections v. Illinois Department of Human Rights*, 298 Ill.App.3d 536, 1998 WL 436944 (3RD Dist. 1998) and the cannons of ethics of the Illinois Supreme Court that it had a duty to meet and confer with the Plaintiff through Plaintiff's designated attorney to discuss reasonable accommodations that could be made concerning Plaintiff's job. Defendant maliciously and intentionally failed to convene an interactive conference and specifically failed to meet and confer with the Plaintiff and his attorney in order to not only deny him future employment but to do so in a manner that maximized the surprise to the Plaintiff, a sudden loss of income and to reduce the Plaintiff's ability to protest his termination.

24. Defendant knew that the Plaintiff had retained a vocational rehabilitation expert who had specifically articulated the re-structuring of Plaintiff's job that could be performed so that the Plaintiff could perform the essential functions of his former employment. The Defendant intentionally and maliciously refused to meet and confer with the expert retained by the Plaintiff, Susan Entenberg, C.R.C. and instead maliciously terminated the Plaintiff with no notice and with the intention of placing the Plaintiff in a position of economic harm so great that the Plaintiff would not have the ability to enforce his rights under the Americans With Disabilities Act.

25. Defendant knew or should of known that its intentional actions would cause severe emotional harm to the Plaintiff and substantial pecuniary damage. The Defendant intentionally and with reckless disregard for the consequences unilaterally terminated the Plaintiff and intentionally refused to conduct an interactive conference as required by state and federal law.

26. The Defendant's action in refusing to provide the Plaintiff with a full and fair interactive conference was designed to cause substantial mental anguish and economic distress to

6

the Plaintiff.

27. At the time of discharge the Defendant failed and refused to voluntarily pay statutory and disability benefits to Plaintiff in order to deprive Plaintiff of any and all sources of income with the intent of preventing Plaintiff from protesting Defendant's illegal actions.

28. As the result of the unrestrained behavior of the Defendant and its employees and agents Plaintiff AMMONS was subjected to and was intended to be subjected to the intentional infliction of emotional distress.

### Jury Demand

29. Plaintiff specifically prays that his case be heard before a fair and impartial jury of his peers selected in accordance with the Federal Rules of Civil Procedure.

**WHEREFORE**, the Plaintiff prays for injunctive, compensatory and punitive relief, after a trial by jury, as follows:

- (a) That Defendant reinstate Plaintiff to a position comparable to what she would have had at a rate of pay comparable to what they would be receiving if not for the Civil Rights violation committed against her by Defendant;

- (b) That Defendant pay to Plaintiff a sum equal to any loss of wages she may have suffered as a result of the Civil Rights violation committed against them by the Defendant;

- (c) That Plaintiff be made whole as to all benefits and seniority status that would have accrued to her but for the Civil Rights violation committed against her by Defendant;

- (d) That Defendant cease and desist from discriminating on the basis of disability in its employment practices;

- (e) That Defendant clear from Plaintiff's personnel records all references to the filing of this Charge, and the subsequent disposition thereof; and provide Plaintiff with favorable letters of reference;

(f) Plaintiff demands compensatory damages in excess of $100,000.00 for the mental harm caused to her by the illegal behavior of the Defendant.

(g) Plaintiff demands punitive damages in excess of $100,000.00 in accordance with the Civil Rights Act of 1991.

(h) That Defendant pay to Plaintiff's reasonable attorney's fees and costs incurred as a result of the Civil Rights violation alleged herein;

(I) That such further relief be granted as may be necessary to make Plaintiff whole.

Respectfully submitted,

LAW OFFICES OF THOMAS W. DUDA
By: Thomas W. Duda

LAW OFFICES OF THOMAS W. DUDA
3125 North Wilke Road, Suite A
Arlington Heights, Illinois 60004
(847) 577-2470
Atty. Reg. No. 00684554

8

# EXHIBIT "1"

# CHARGE OF DISCRIMINATION

This form is affected by Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☒ FEPA ☐ EEOC | 1999CF2416 |

**State of Illinois Department of Human Rights** and EEOC
*State or local Agency, if any*

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include area code) |
|---|---|
| Mr. Clyde Ammons | (773) 783-1160 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| 8610 S. Parnell | Chicago, IL 60626 | 05-05-1941 |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include area code) |
|---|---|---|
| Aramark | 15± | (847) 397-9500 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 2332 Wabash | Chicago, IL 60616 | Cook |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE ☐ COLOR ☐ SEX ☐ RELIGION ☐ NATIONAL ORIGIN
☐ RETALIATION ☐ AGE ☒ DISABILITY ☐ OTHER (Specify)

DATE DISCRIMINATION TOOK PLACE
EARLIEST / LATEST: March 9, 1999
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional space is needed, attach extra sheet(s)):

The undersigned, Clyde Ammons, the complainant herein, alleges that his employer, Aramark, respondent, discriminated against him due to his disability by refusing to allow him to return to work on March 9, 1999, and 300 days before, and states as follows:

I. Complainant has been employed as a maintenance engineer for the respondent since 1960. On October 14, 1997, complainant underwent surgery to his right knee, which resulted in permanent work restrictions as documented by a letter from Dr. Kreiger dated April 9, 1998.

II. The complainant has sought vocational rehabilitation services and a job restructuring plan was outlined in writing for the respondent. Complainant has been discriminated against by the respondent due to the following reasons:

A. Respondent has refused to allow the vocational rehabilitation counselor to perform an on-site inspection of the respondent's facility in furtherance of her written job restructuring plan.

B. On March 9, 1999, the respondent wrote a letter to complainant refusing to allow him to return to work in accordance with the job restructuring plan outlined by the complainant's vocational rehabilitation counselor.

C. The respondent has refused to allow the complainant to return to work without a release to return to work containing absolutely no restrictions; this requirement of a full release without restrictions is a *per se* violation of the Illinois Human Rights Act, *Illinois Dept. of Corrections v. Illinois Human Rights Commission*, 298 Ill. App.3d 536 (3d Dist. 1998).

III. Respondent has refused to allow complainant to return to work because of his disability even though such a return to work is possible with reasonable accommodation.

☒ I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the foregoing is true and correct.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT
X Clyde Ammons
DATE 04-16-

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

"OFFICIAL SEAL"
JEANETTE ALLEN
Notary Public, State of Illinois
My Commission Expires April 14, 2002

DEPT OF HUMAN RIGHTS
SWITCHBOARD
APR 21 1999

RECEIVED

EEOC FORM 5 (Rev. 06/92)

# EXHIBIT "2"

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

| To: Clyde Ammons<br>8610 S PARNELL<br>CHICAGO, IL 60626 | From: E.E.O.C<br>Chicago District Office<br>500 W. Madison Street Suite 28<br>Chicago, IL 60661-2511 |
|---|---|

☐ *On behalf of a person aggrieved whose identity is CONFIDENTIAL ( 29 C.F.R. 1601.7(a) )*

| Charge Number | EEOC Representative | Telephone Number |
|---|---|---|
| 21B991796 | Nola Smith, S&L Coord. | (312) 886-5973 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.
☐ Your allegations did not involve a disability that is covered by the Americans with Disabilities Act.
☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.
☐ We cannot investigate your charge because it was not filed within the time limit required by law.
☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.
☐ While reasonable efforts were made to locate you, we were not able to do so.
☐ You had 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.
☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.
☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.
☐ Other *(briefly state)* _____

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this Notice; otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On Behalf of the Commission

*[signature]* John P. Rowe    28 FEB 2001
John P. Rowe, District Director    *(Date)*

Enclosure(s)

cc: ARAMARK
    2332 WABASH
    CHICAGO, IL 60616

RECEIVED
MAR. - 5 2001
LAW OFFICES OF [illegible]

EEOC FORM 161 (Rev 09/97)    CHARGING PARTY COPY

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

JUN 4 - 2001

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

CLYDE AMMONS

**DEFENDANTS**

ARAMARK UNIFORM SERVICES, INC. / W. DARRA...

01C 4073

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cook,
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Cook
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Law Offices of Thomas W. Duda
3125 N. Wilke Road, Suite A
Arlington Heights, Illinois 60004
(847) 577-2470

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE BOBRICK

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act |  | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☒ 442 Employment / **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 U.S.C. §§ 12, 111 et. seq.   Americans With Disabilities Act

**VII. REQUESTED IN COMPLAINT**
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $ in excess of $100,000.00

CHECK YES only if demanded in complaint
JURY DEMAND: ☒ YES  ☐

**VIII.** This case ☒ is not a refiling of a previously dismissed action.
☐ is a refiling of case number_____, previously dismissed by Judge _____

DATE  5-31-2001

SIGNATURE OF ATTORNEY OF RECORD

1-2

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

In the Matter of

**CLYDE AMMONS,**

V.

**ARAMARK UNIFORM SERVICES, INC.**

Case Number: **01C 4073**

JUDGE JOHN W. DARR

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

MAGISTRATE JUDGE BOBR

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME: Thomas W. Duda | NAME: Anthony G. Duda |
| FIRM: Law Offices of Thomas W. Duda | FIRM: Law Offices Of Thomas W. Duda |
| STREET ADDRESS: 3125 North Wilke Road, Suite A | STREET ADDRESS: 3125 North Wilke Road, Suite A |
| CITY/STATE/ZIP: Arlington, Heights, Illinois 60004 | CITY/STATE/ZIP: Arlington Heights, Illinois 60004 |
| TELEPHONE NUMBER: (847) 577-2470 | FAX NUMBER: (847) 577-2549 | TELEPHONE NUMBER: (847) 577-2470 | FAX NUMBER: (847) 577-2549 |
| E-MAIL ADDRESS: | E-MAIL ADDRESS: |
| IDENTIFICATION NUMBER: 00684554 | IDENTIFICATION NUMBER: 00684228 |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | FAX NUMBER | TELEPHONE NUMBER | FAX NUMBER |
| E-MAIL ADDRESS | E-MAIL ADDRESS |
| IDENTIFICATION NUMBER | IDENTIFICATION NUMBER |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |