Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4073 | **DATE** | 2/25/2003 |
| **CASE TITLE** | CLYDE AMMONS vs. ARAMARK UNIFORM SERVICES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at_____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Aramark's bill of costs is granted in part and denied in part. Aramark is awarded a total of $8,376.84 in costs ($200 + $7,944.05 + $232.79).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | | Document Number |
|---|---|---|---|---|---|
| | No notices required. | | | number of notices | |
| | Notices mailed by judge's staff. | | | FEB 27 2003 | |
| | Notified counsel by telephone. | | | date docketed | |
| ✓ | Docketing to mail notices. | | | | 63 |
| | Mail AO 450 form. | | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | | |
| | | | | date mailed notice | |
| | LG | courtroom deputy's initials | | | |
| | | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**DOCKETED**
FEB 27 2003

CLYDE AMMONS, )
)
Plaintiff, )
) No. 01 C 4073
v. )
) Judge John W. Darrah
ARAMARK UNIFORM SERVICES, INC., )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

Plaintiff, Clyde Ammons ("Ammons"), sued Defendant, Aramark Uniform Services, Inc. ("Aramark"), for alleged violation of the American with Disabilities Act ("ADA"). Summary judgment was entered for Defendant. Presently pending before the Court is Aramark's Bill of Costs.

Aramark seeks a total of $9,459.94 in costs pursuant to Federal Rule of Civil Procedure 54(d).

"Costs ... shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d). Recoverable costs, as set forth in 28 U.S.C. § 1920, include: (1) fees of the clerk, (2) fees for transcripts, (3) fees for printing and witnesses, (4) fees for copies of papers necessarily obtained for use in the case, (5) docket fees, and (6) compensation of court-appointed experts and interpreters.

There is a strong presumption favoring the award of costs to the prevailing party. *Weeks*

1



*v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997) (*Weeks*). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined -- the court must award costs unless it states good reasons for denying them." *Weeks*, 126 F.3d at 945. A losing party may overcome this presumption by a showing of indigency. *McGill v. Faulkner*, 18 F.3d 456, 457 (7th Cir. 1994). However, actual indigency, not merely limited financial resources, must be demonstrated. *Craven v. City of Chicago*, 2001 WL 62573 (N.D.Ill. Jan. 25, 2001); *Falcon v. City of Chicago*, 2000 WL 1231403 (N.D.Ill. Aug. 28, 2000).

Ammons argues that, in light of his limited income through Social Security, he should not have to pay the costs of Aramark's litigation. However, Ammons fails to provide evidence, or even aver, that he is actually indigent and that he is unable to pay costs now or in the future. *See Craven*, 2001 WL 62573 at * 1; *Falcon*, 2000 WL 1231403 at * 1.

Ammons also challenges Aramark's costs as improper and/or excessive.

Aramark seeks $380 in subpoena service fees of several witnesses.

Prevailing parties may recover service costs that do not exceed the Marshal Service's fees regardless of who effected service. *Collins v. Gorman*, 96 F.3d 1057, 1060 (7th Cir. 1996). The Marshal's Service charges $40 per hour for the first two hours and $20 for every hour thereafter plus $0.31 per mile. *Johnson v. City of Elgin*, 2002 WL 171971 (N.D. Ill. Feb. 1, 2002).

Aramark provides a chart for the five subpoena service fees for which it seeks compensation. The chart indicates fees for services ranging from $60 to $90. The chart fails to

indicate how long service took and the amount charged per hour for service. Accordingly, the Court cannot determine if the fees sought are reasonable, and it will award the minimum charged by the Marshal's Service, $40 per person served with a subpoena. *See Sanglap v. LaSalle Bank*, 194 F. Supp. 2d 798, 802 (N.D. Ill. 2001) (*Sanglap*). Therefore, Aramark is awarded $200 for the cost of serving the five subpoenas.

Next, Aramark seeks fees for obtaining deposition transcripts.

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are "reasonably necessary". *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). The Judicial Conference has established $3.00 as the rate per page for an original transcript, $4.00 per page for each expedited copy, $0.75 per page for the first copy of a transcript, and $0.50 per page for each additional copy to the same party. In addition, the rate of $40 per hour for court reporter fees is reasonable. *See Sanglap*, 194 F. Supp. 2d at 803.

Aramark seeks $2,147.50 for the deposition transcript of Ammons. The charges include court reporter fees for 14.5 hours at the rate of $40 per hour and a transcription copy fee of $3.75 per page for a total of 418 pages. Aramark argues that the transcription had to be expedited because the deposition was taken so close to the close of discovery and the deadline for filing motions for summary judgment and that the lateness of the deposition was due, at least in part, to Ammons' delays in producing necessary written discovery responses.

Based on the above, the $40 per hour charge for the court reporter fees and the expedited transcription were reasonable. Accordingly, Aramark is awarded $2,147.50 for the deposition transcript of Ammons.

Aramark seeks deposition transcript costs for Barrington McPherson at the court reporter rate of $40 per hour and the rate of $3.05 and $4.25 per page of transcription. Aramark argues that the second transcript, billed at $4.25 per page, was expedited because it was taken close to close of discovery and the filing of motions for summary judgment.

The charge of $40 per hour in court reporter fees is reasonable. However, the rate per page of $3.05 for the original copy is higher than the $3.00 rate established by the Judicial Conference. In addition, $4.25 per page is higher than the $4.00 rate established for expedited copies established by the Judicial Conference. Accordingly, Aramark is awarded $320 in court reporter fees and $835 ($435 [145 pages X $3.00 per page] + $400 [100 pages X $4.00 per page]) in transcription copy costs for the deposition of Barrington McPherson.

Aramark seeks deposition transcript costs for Dr. Mitchell Krieger at the court reporter rate of $40 per hour and the rate of $3.05 per page for transcription. Aramark is awarded $100 in court reporter fees and $126 (42 pages X $3.00 per page) in transcription costs for the deposition of Dr. Mitchell Krieger.

Aramark seeks deposition transcript costs for Pasquale Malfeo at the court reporter rate of $40 per hour and the rate of $3.75 per page for transcription. Aramark argues that the transcript was expedited because it was taken close to close of discovery and the filing of

motions for summary judgment.

Aramark is awarded $320 in court reporter fees and $1,053.75 (281 pages X $3.75 per page) in transcription copy costs for the deposition of Pasquale Malfeo.

Aramark seeks deposition transcript costs for Susan Entenberg at the court reporter rate of $40 per hour and the rate of $3.05 per page for transcription. Aramark is awarded $100 in court reporter fees and $282 (94 pages X $3.00 per page) in transcription copy costs for the deposition of Susan Entenberg.

Aramark seeks deposition transcript costs for Lawrence Foster at the court reporter rate of $40 per hour and the rate of $3.05 per page for transcription copy costs. Aramark is awarded $200 in court reporter fees and $504 (168 pages X $3.00 per page) in transcription copy costs for the deposition of Lawrence Foster.

Aramark seeks deposition transcript copy costs for Joseph Dayton at the rate of $2.30 per page and $0.35 per page for exhibits. Aramark is awarded $343.80 ([137 pages X $2.30 per page] + [82 pages X $0.35 per page]) in transcription copy costs for the deposition of Joseph Dayton.

Aramark seeks deposition transcript copy costs for Alexander Ur at the rate of $2.30 per page and $0.35 per page for exhibits. Aramark is awarded $637.15 ([265 pages X $2.30 per page] + [79 pages X $0.35 per page]) in transcription copy costs for the deposition of Alexander Ur.

Aramark seeks deposition transcript copy costs for Steve McCleary at the rate of $2.10

per page and $0.20 per page for exhibits. Aramark is awarded $129.60 ([54 pages X $2.10 per page] + [81 pages X $0.20 per page] in transcription copy costs for the deposition of Steve McCleary.

Aramark seeks deposition transcript copy costs for Jeff Schwingler at the rate of $2.08 per page and $0.20 per page for exhibits. Aramark is awarded $269.40 ([120 pages X $2.08 per page] + [99 pages X $0.20 per page]) in transcription copy costs for the deposition of Jeff Schwingler.

Aramark seeks deposition transcript copy costs for Bridget Novak at the rate of $2.30 per page and $.20 per page for exhibits and $2.00 per page for color exhibits. Aramark is awarded $575.85 ([203 pages X $2.30 per page] + [37 pages X $0.35 per page] + [48 pages X $2.00 per page]) in transcription copy costs for the deposition of Bridget Novak.

Based on the above, Aramark is awarded a total of $7,938.15 in deposition costs.

Lastly, Aramark seeks a total of $232.79 in witness and mileage fees for five witnesses. Ammons does not dispute these fees, and such fees are reasonable. Aramark is awarded $239.79 in witness and mileage fees.

For the reasons stated above, Aramark's Bill of Costs is granted in part and denied in part. Aramark is awarded a total of $8,376.84 in costs ($200 + $7.944.05 + $232.79).

Dated: February 25, 2003

JOHN W. DARRAH
United States District Judge